LEWIS I. WHIPPLE, Respondent, v. SERAFINI CONSTRUCTION COMPANY, INC., Appellant.— Appeal from a judgment in favor of the plaintiff and against the defendant upon a contract and for the rental of machinery. The contract was for certain work upon a State road job. The claim of the appellant is that the judgment is against the weight of evidence. The judgment was rendered upon conflicting evidence which was submitted to the jury for their determination upon a fair charge by the court to which no exceptions were taken. It was a plain question of fact and this court has no authority to substitute its judgment for the verdict of the jury which was substantiated by the facts. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

YRJO ERRIKI KUKKONEN, Infant, by YRJO KUKKONEN, His Guardian ad Litem, Appellant, v. WILLIAM D. CAMERON and SARAH E. CAMERON, Respondents.— Appeal from a judgment of the Supreme Court entered in the St. Lawrence county clerk's office, and from an order of that court granting defendants' motion to dismiss the plaintiff's complaint. Plaintiff, an infant seven years of age, was visiting his parents who were employed by defendants at defendants' summer home on Elizabeth island, in Black lake, St. Lawrence county. It appears that in 1925 and 1926 John E. Eustis delivered some fulminate caps to one Conroy, a former employee of defendants, for safe-keeping. Conroy put the caps in a cupboard in his own home, where they remained for several years. In 1931 and 1932 he took them over to the island where defendants had their camp and put them in an old boat which was overturned on top of a small tool house. It appears that this boat had not been used since 1928 and was unfit for use. Plaintiff's father and mother arrived at the camp on June 30, 1940, and the plaintiff arrived about three weeks later. The father of the plaintiff removed the caps from underneath the overturned boat with the aid of a rake and placed them on a shelf in the tool house. The plaintiff found the caps either on the ground outside of the tool house or in the tool house, and taking the same to his room in the camp, he placed several lighted matches in one of the caps, which finally caused the same to explode, thereby producing the injuries for which this action is brought. There is no testimony that the defendants had notice of the presence of the caps prior to the injury, and no testimony was offered upon which a jury could find a verdict for the plaintiff. As in the case of *Babcock* v. *Fitzpatrick* (221 App. Div. 638; affd., 248 N. Y. 608), the storage of these fulminate caps was not the proximate cause of the injury. The record clearly shows that the order and judgment appealed from should be affirmed. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.